IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.:

VEACESLAV PLATON,                         JURY TRIAL DEMANDED

      Plaintiff,

vs.

EMMANUIL GRINSHPUN,

      Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, Veaceslav PLATON, by and though its undersigned counsel and files suit against Defendant, Emmanuil GRINSHPUN as follows:

### THE PARTIES

1. Plaintiff Veaceslav Platon is an adult individual and a citizen of the Republic of Moldova.

2. Defendant Emmanuil Grinshpun is an adult individual, a citizen of the State of Florida, and a resident of Miami-Dade County, Florida. Grinshpun claims to be an international businessman engaged in business ventures in the United States, the Republic of Moldova, Ukraine, Kazakhstan, Georgia, Armenia, Russian Federation and Panama through companies registered in various jurisdictions within and outside the United States. Grinshpun developed a personal relationship with Platon and Platon believed they were friends.

### JURISDICTION AND VENUE

3. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2), as this is a civil action in which the matter in controversy exceeds the sum or value of $75,000.00,

exclusive of interest and costs, and is between the Plaintiff, a citizen of a foreign state (the Republic of Moldova), on the one hand, and the Defendant, who is a citizen of Florida, on the other hand.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## ALLEGATIONS COMMON TO ALL COUNTS

5. On or about December 30, 2013, at Grinshpun's request, Platon orally agreed to lend Grinshpun sufficient funds the next day, December 31, 2013, to enable Grinshpun to purchase certain real property at a sheriff's sale in Chisinau, Republic of Moldova as follows:

  a. Platon agreed to lend Grinshpun sufficient funds to purchase commercial real estate consisting of several parcels comprising the UNO Complex, a shopping center in the Chisinau, the capital of Moldova ("Shopping Center").

  b. The Shopping Center was being sold as part of a sheriff's sale scheduled on December 31, 2013.

  c. Grinshpun intended to participate in the sheriff's sale and Platon agreed to send the loaned funds directly to the sheriff's bank in the amount required to conclude the purchase.

  d. Grinshpun agreed to repay the loaned funds in full by January 31, 2014.

  e. As part of the agreement, Grinshpun represented to Platon that he was willing and able to repay the sum in the time frame contemplated by the agreement.

  f. Given the parties' preexisting personal relationship and the short time for repayment, Platon and Grinshpun made no provision for interest on the loan at this time.

6. On or about December 31, 2013, I.C.S. Trans World Entertainment S.R.L. ("Trans World"), a Moldovan company wholly owned by Grinshpun, appeared at and won the

sheriff's sale for the Shopping Center by submitting the highest bid.

7. On the same day, Grinshpun asked Platon to send full payment in the amount of $6,385,383.86, the amount of the successful bid, in order to pay the purchase price.

8. On or about January 13, 2014 and pursuant to Grinshpun's request and instructions, Platon caused a wire transfer in the amount of $6,385,383.86 to be sent to the account of Sheriff Miron Iacob, the judicial officer in Chisinau responsible for the December 31, 2013 sheriff's sale, in order to purchase the Shopping Center for Trans World.

9. Grinshpun failed to repay the loan to Platon by the due date of January 31, 2014.

10. Subsequently, Platon made repeated demands upon Grinshpun for repayment of the $6,385,383.86, but Grinshpun failed to comply. In response to each demand, Grinshpun assured Platon that he would repay the loan and asked for more time claiming he was suffering financial losses.

11. In or about March 2014, due to Grinshpun's continuing failure to repay what was to be a very short loan, Grinshpun agreed that interest would be due and payable on the $6,385,383.86 loan at the rate of 12 percent *per annum* from February 1, 2014 onward and that Grinshpun would repay the loan promptly.

12. However, despite Platon's demands and Grinshpun's continuing assurances of payment, Grinshpun failed to repay the loan.

13. On or about August 29, 2014, at a meeting in Monaco, Grinshpun continued to put Platon off by signing and delivering a written memorandum confirming a debt to Platon in the amount of $6,300,000.00 for money paid by Plaintiff on behalf of Defendant for the purchase of the Shopping Center. *See* Memorandum dated August 29, 2014 in original Russian together with its English translation attached hereto as **Exhibit A**. Although the amount of the debt was

not correct, Platon accepted the memorandum as Grinshpun's effort to acknowledge the debt and to promise to pay. Again, Grinshpun promised to repay the loan promptly.

14. In September of 2014, Grinshpun informed Platon he was able to make a partial payment on the account of the accrued interest in the amount of $200,000.00. As promised by Grinshpun, on or about September 16, 2014, Miser Development Limited, a company registered in Tortolla, British Virgin Islands, wired the sum of $200,000.00 to or for the benefit of Platon.

15. Grinshpun made no other payments and has ignored Platon's written demand for full payment dated January 15, 2015.

16. Grinshpun owes the principal amount of the loan plus accrued interest which, as of February 28, 2015, totals the sum of $7,010,408.76. Interest is accruing in the amount of $2,099.30 per day.

## COUNT I
## MONEY LENT

17. The allegations set forth in Paragraphs 1 through 16 are incorporated by reference.

18. Grinshpun owes Platon the sum of $6,385,383.86 that is due with interest since February 1, 2014, for money lent by Platon to Grinshpun on December 31, 2013.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment in favor of Plaintiff and against Defendant, including (1) an award of damages in the amount of not less than $7,010,408.76; (2) an award of interest at the rate of 12% from February 1, 2014 to the present, including daily interest of $2,099.30 from after February 28, 2015; (3) an award of statutory pre- and post-judgment interest at the legal rate; (4) an award of the costs of prosecuting this action; and (5) other and such further relief as the Court deems just and proper.

## COUNT II
### BREACH OF DECEMBER 30, 2013 ORAL CONTRACT, AS MODIFIED

19.     The allegations set forth in Paragraphs 1 through 16 are incorporated by reference.

20.     Platon and Grinshpun made a valid oral contract on or about December 30, 2013, pursuant to which Platon paid, or caused to be paid, the sum of $6,385,383.86 to the account of Sheriff Miron Iacob so that title to the Shopping Center was conveyed to Trans World, all pursuant to the request and instructions of Grinshpun. Grinshpun agreed to repay the $6,385,383.86 to Platon on or before January 31, 2014.

21.     Grinshpun and Platon modified the oral contract in or about March 2014, when Grinshpun agreed to pay interest on the loan in the amount of 12% per annum from February 1, 2014 until payment in full, since the loan was not paid when due on January 31, 2014.

22.     Platon fully performed all of his obligations under the oral agreement.

23.     Grinshpun breached the contract by failing to repay the loan.

24.     As a consequence of Grinshpun's breach of the contract, Platon was, and continues to be, injured.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment in favor of Plaintiff and against Defendant, including (1) an award of damages in the amount of not less than $7,010,408.76; (2) an award of interest at the rate of 12% from February 1, 2014 to the present, including daily interest of $2,099.30 from after February 28, 2015; (3) an award of statutory pre- and post-judgment interest at the legal rate; and (4) an award of the costs of prosecuting this action; and (5) other and such further relief as the Court deems just and proper.

## COUNT III
### NEGLIGENT MISREPRESENTATION

25. The allegations set forth in Paragraphs 1 through 16 are incorporated by reference.

26. Grinshpun materially misrepresented to Platon his ability and inclination to repay the loan agreed to on or about December 30, 2013.

27. Grinshpun made the statements in question – that he would repay the loaned funds by January 31, 2014 and would have the ability to repay the loaned funds by January 31, 2014 – either with knowledge that they were false, without knowledge or regard to their truth or falsity, or should have known that the statements were false.

28. Grinshpun intended to induce Platon to provide the loaned funds based on those misrepresentations.

29. Platon reasonably and justifiably relied on Grinshpun's misrepresentations and would not have agreed to loan the funds in question absent the misrepresentations.

30. As a result of Grinshpun's misrepresentations and Platon's reasonable reliance thereon, Platon was injured.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment in favor of Plaintiff and against Defendant, including (1) an award of damages in the amount of not less than $7,010,408.76, plus other damages to be ascertained at trial; (2) an award of statutory pre- and post-judgment interest at the legal rate; (3) imposition of a constructive trust for the benefit of Platon on any and all assets that are specific and identifiable and fairly traceable to the funds loaned to Grinshpun based on his misrepresentations; (4) an award of the costs of prosecuting this action; and (5) other and such further relief as the Court deems just and proper.

## COUNT IV
### UNJUST ENRICHMENT

31. The allegations set forth in Paragraphs 1 through 16 are incorporated by reference.

32. Platon conferred a benefit on Grinshpun by sending $6,385,383.86 to the account of Sheriff Miron Iacob so that title to the Shopping Center was conveyed to Trans World, all pursuant to the request and instructions of Grinshpun.

33. Grinshpun had knowledge of and appreciated the benefit provided by Platon and is enjoying a direct benefit from the transaction as the sole shareholder of Trans World, operator of the Shopping Center.

34. Grinshpun accepted and retained the benefit conferred by Platon.

35. The circumstances are such that it would be inequitable for Grinshpun to retain the benefit without paying fair value to Platon.

36. Plaintiff lacks an adequate remedy at law.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment: (1) ordering that Defendant pay Plaintiff the sum of $6,385,383.86 being the fair and reasonable value of the benefit provided to Defendant by Plaintiff; (2) awarding Plaintiff pre- and post-judgment interest at the legal rate; (3) awarding Plaintiff his reasonable costs incurred in prosecuting this action; (6) imposing a constructive trust on any and all assets that are specific and identifiable which are traceable to Plaintiff's payment pursuant to the agreement in order to prevent unjust enrichment; (7) imposing an equitable lien on any assets owned by Defendant that are fairly traceable to the funds provided by Plaintiff pursuant to the contract; and (8) other and such further relief as the Court deems just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all facts and issues so triable in this matter.

Dated: February 27, 2015

Respectfully submitted,

Gunster, Yoakley & Stewart, P.A.
Counsel for Plaintiff Veacheslav Platon
Brickell World Plaza
600 Brickell Ave., Ste. 3500
Miami, FL 33131
Telephone:  305.376.6052
Facsimile:   305.376.6010

By:  /s/ Joseph A. Raia
     Joseph A. Raia, Esq
     Florida Bar 322083
     Email: jraia@gunster.com